## Lee Waller v. The State.

### No. 1648.    Decided March 27, 1912.

**1.—Assault to Murder—Sufficiency of the Evidence.**

Where, upon trial of assault with intent to murder, the evidence sustained the conviction, there was no error.

**2.—Same—Bill of Exceptions—Statement of Facts.**

A bill of exceptions incorporated in the statement of facts can not be considered, unless the approval of the statement of facts by the judge certifies that the bill reserved therein was approved.

Appeal from the District Court of Polk. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*F. Campbell,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of assault with intent to murder, his punishment being assessed at two years confinement in the penitentiary.

The State's case substantially is that the defendant went to the house of a neighbor where the injured party, Thomas Hicks, was at the time stopping. Upon reaching the house appellant called for Hicks. Hicks was eating at the time and sent him word he would be out in a moment when he finished his dinner. He went out to the front steps, where appellant was located, and appellant called him to one side and said he wanted to see him. Hicks testifies after going a short distance, walking behind appellant, that appellant turned upon him and informed him he was going to kill him, and proceeded to cut him with a knife. As soon as appellant did this he sought to protect himself, clinched appellant and held his right hand in which he had the knife so he could not further use it. In the

struggle they fell with appellant on top. That parties observing the difficulty from the house, rushed out—three or four in number—and stopped it. Appellant's theory was that he called Hicks out for the purpose of asking an explanation with reference to some letters he says were received by his wife and believed Hicks had written. That Hicks practically admitted he did write the letters and asked him what he was going to do about it. That he then struck Hicks and Hicks reached for his knife, and he, appellant, began cutting him. Hicks denies writing the letters, and denies stating to appellant that he wrote the letters. He said nothing of this sort occurred between them. These letters were introduced in evidence, but are not in the record. There is a statement in the statement of facts to the effect that the letters had been misplaced and could not be incorporated in the transcript. There was no evidence to show that the letters were in the handwriting of Hicks. They were not signed by anybody. After the separation of the parties and Hicks had been carried to the house, as one of the witnesses state, "with his guts cut out," a little boy picked up a knife at the scene of the trouble. This was a small pearl-handle knife, closed. Hicks said the knife belonged to him, and he had it in his vest pocket and it must have fallen out during the struggle, and while appellant had him on the ground. That he did not take the knife out of his pocket, nor undertake to use it.

The court charged the jury with reference to assault to murder, aggravated assault, and simple assault. The contention of appellant is that the evidence is not sufficient to support the conviction for assault to murder. If Hicks' testimony is to be believed, the jury was authorized to find him guilty of assault to murder. If the jury should have believed appellant's testimony, the conviction should have been for aggravated assault.

During the trial appellant sought to introduce evidence to the effect that Hicks had been interfering with married negro women, at least with the wife of one man, and that a Mr. Martin drove him away from a sawmill because of this fact. The court sustained the objection of the State to the introduction of this evidence. This is shown in the statement of facts. There was no separate bill of exceptions taken. The statement of facts was filed subsequent to the term of the court and there is no certificate of the judge at the end of the statement of facts approving this bill of exceptions. Under the rule of practice established by this court recently, in order to have a bill of exceptions incorporated in the statement of facts considered, the approval of the statement of facts by the judge must certify that the bill of exceptions reserved therein was approved. This was not done in this case, and, therefore, under that rule this matter can not be revised.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*